IN THE MATTER OF THE PETITION OF G. H. BURMEISTER TO
VACATE AN ASSESSMENT, ETC.

*Assessments in New York — places where work has already been done excepted from
the provisions of the ordinance — construction of such exception.*

An ordinance of the common council of New York directed that a street therein
"be regulated and graded, and curb and gutter stones set, and sidewalks
flagged a space four feet wide through the center thereof, where not already
done." *Held,* that it was not sufficient to bring a case within the exception
created by the ordinance to show that the sidewalk had been flagged and curb
and gutter stones set, but it was necessary to go further and show that the flag-
ging and curb and gutter stones continued, at the time of the passage of the
ordinance, in such condition as to render further work thereon unnecessary.

The statement that the terms "paving" and "repaving," as used in the acts of
1872 and 1874, regulating actions to be brought to vacate assessments in the
city of New York, apply only to the paving and repaving of the carriageway,
and do not include the flagging of sidewalks or the setting of curb and gutter
stones, made in the *Matter of Burmeister* (9 Hun, 613), approved.*

APPEAL from an order vacating an assessment for regulating,
grading and curbing of Forty-sixth street, in the city of New York.

The ordinance under which the work was done and the assess-
ment laid was as follows:

"*Resolved,* That Forty-sixth street, from Eleventh avenue to the
North river, be regulated and graded, and curb and gutter stones
set, and sidewalks flagged a space four feet wide through the center
thereof where not already done, through the direction of the com-
missioner of public works, who may appoint an inspector therein
and one of the city surveyors."

*Wm. C. Whitney* and *J. A. Beall,* for The Mayor, etc., of the
city of New York, appellants.

*P. A. Hargous,* for the petitioner, respondent.

BRADY, J.:

This case arises under the acts of 1870 (chaps. 129 and 383) the
first known as the charter.

* See *post,* pp. 490–558.

No papers were designated under the provisions of these acts and the prohibition against publishing notices in papers, other than those named, never became operative. (*Matter of Peugnet*, 5 Hun [12 S. C. N. Y.], 436.)

The objection that the publication of the proceedings with regard to the assessment was not made according to law fails therefore.

The petitioner has not established his case in that respect, because the publication could be made in any papers selected for the purpose. This result renders it unnecessary to consider any other objection presented, except, perhaps, the proposition that the ordinance did not warrant the assessment because it provided that the sidewalk, etc., should be laid where they were not already done, "and because it appears that an assessment was imposed for setting curb, gutter and flagging in Forty-sixth street, from Broadway to the Hudson river, and was confirmed in 1865 and the amount assessed on the petitioner's lots paid in 1866."

The objection rests upon the words "not already done." These words are used to except the completed part of the assessed area, that is, that portion of the street in which it was not necessary to regulate or grade, or set curb and gutter stones or flag the sidewalks. If it was not necessary to do any of these things to the front of the petitioner's lot because it had been already done, it was for him to show it.

It would not follow because it had once been done that it was not necessary to do it again, and the words "already done" have no other signification in the ordinance than to exclude its application to parts of the line where the work contemplated had been done, and continued to be in such state, that further attention was unnecessary.

It applied to the existing and not to the prior condition of the subject-matter. It does not appear to have been unnecessary to do, along the line of the petitioner's lot, what was designed to be accomplished by the ordinance and, therefore, the objection is unavailing.

The presumption is in favor of the officers of the city whom it will be assumed, in the absence of proof to the contrary, did their duty in respect to the ordinance and its requirements.

Whether flagging is a repavement is not, therefore, a question in

this appeal, but if it were the views expressed by the presiding justice, *In the Matter of Burmeister* (9 Hun, 613), would be controlling at least until the Court of Appeals shall say that the decision *In the Matter of Phillips* (60 N. Y., 16) was meant to embrace all cases of flagging. For these reasons we think the order made at Special Term should be reversed, but without costs to either side.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, without costs.